1  BARRY J. PORTMAN
   Federal Public Defender
2  CYNTHIA C. LIE
   Assistant Federal Public Defender
3  160 West Santa Clara Street, Suite 575
   San Jose, CA  95113
4  Telephone:  (408) 291-7753

5  Counsel for Defendant COMMANDER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | No. CR-07-00786 RMW |
| ) | |
| Plaintiff,     ) | DEFENDANT'S SENTENCING |
| ) | MEMORANDUM |
| vs.     ) | |
| ) | |
| JOSHUA JOSEPH COMMANDER,     ) | Date:  April 21, 2008 |
| ) | Time:  9:00 a.m. |
| Defendant.     ) | Court: 6 |
| ) | |

Defendant Joshua Commander concurs with the guideline calculation and sentencing range recommended by the United States Probation Office in its presentence report.[1] The defense, per Mr. Commander's written plea agreement, also concurs with the recommendation that he be granted probation with a special condition that he serve six months home confinement. The defense submits the following sentencing memorandum in support of its request that the Court narrowly tailor the restrictions on his computer usage to prevent unnecessary interference

---

[1] The defense in its objections to the draft presentence report noted that the language of the enhancement for mass marketing and of the relevant application note was inconsistent with "passive" marketing such as Mr. Commander employed. U.S.S.G. §2B1.1(b)(2)(A). However, a divided panel of the Ninth Circuit has rejected a similar defense argument in *United States v. Pirello*, 255 F.3d 728 (9th Cir. 2001); accordingly, although it respectfully disagrees with the majority in that case, the defense withdraws its objection to the enhancement. The sentencing range, with or without the mass marketing enhancement, remains 0 to 6 months.

Defendant's Sentencing Memorandum
CR 07-00786                                              1

1   with his academic, employment or personal needs.

2   Mr. Commander embarked on the offense conduct at age 17, as a means of obtaining some degree of autonomy vis-a-vis his physically and emotionally abusive mother, and as a way of ensuring family harmony and contact with his youngest half-brother by subsidizing his mother's lifestyle even after he left her home at 19. He ceased the offense conduct at age 20, immediately after the FBI interviewed him and searched his computers. Although his wife has a computer in their home, it is inoperable, and Mr. Commander uses computers available through his school library as needed. PSR ¶45. There is no indication that his computer use or Internet access has resulted in any inappropriate communications or activity, or that his own self-policing efforts have been inadequate. He is now only 23, yet he has made commendable efforts to further his education and put his offense behind him. Upon ceasing the offense conduct in 2005, Mr. Commander promptly obtained employment, and has worked regularly since that time. PSR ¶¶57-62. He has also reenrolled at the College of the Redwoods and is actively pursuing a transfer to a four-year undergraduate institution to obtain a degree in zoology. PSR ¶55.

Mr. Commander has no objection to conditions of probation that would prohibit his use of or access to data encryption techniques or programs or to password cracking websites, pursuant to the special conditions numbered 6 and 8 in the Probation Office's Sentencing Recommendation. Nor would he object to a special condition that prohibited him from posting advertisements to Internet forums. In addition, he would consent to the imposition of special condition 7, as a means of monitoring compliance. However, the broader computer and Internet restrictions proposed by the Probation Office are unnecessary and have the potential to be unduly restrictive. The gravamen of Mr. Commander's offense was his advertising of computer skills he does not and never did possess, rather than any exploitation of special computer skills for fraudulent purposes. Mr. Commander has no particular skill or facility with computer technology, hacking or intrusion. PSR ¶14. He also lacked the ability to evade identification by shielding his IP address. PSR ¶13. His subsequent e-mail communications with disgruntled

1  "victims" were inappropriate only in that by drawing attention to their own illicit purposes, he
2  sought to discourage formal complaints. PSR ¶9. Accordingly, the blanket prohibition on his
3  use and/or possession of a computer, or on his access to the Internet, as recommended by the
4  Probation Office, is no more appropriate than if he had advertised by some other electronic
5  means of communication, whether radio, television or telephone. The computer and Internet
6  restrictions are also superfluous in view of Mr. Commander's rehabilitative measures in the
7  nearly three years that have elapsed since his termination of the offense conduct.

8  Furthermore, the broad search condition recommended at number 4 is unnecessary, in
9  view of the nature and circumstances of the offense, which involved neither illegal weapons nor
10 contraband, and in view of Mr. Commander's background and history, which reflects no
11 predisposition toward such violations. Condition 7 adequately serves the Court's interest in
12 ensuring that Mr. Commander's computer usage is lawful and in compliance with the
13 requirements of his supervision.

14 For the foregoing reasons, the defense respectfully requests that the Court grant Mr.
15 Commander probation without imposing the special conditions numbered 4, 5 and 9 in the
16 Probation Office's Sentencing Recommendation.

18 Dated: April 14, 2008

19                                         Respectfully submitted,

20                                         BARRY J. PORTMAN
                                           Federal Public Defender

22
                                           CYNTHIA C. LIE
23                                         Assistant Federal Public Defender

Defendant's Sentencing Memorandum
CR 07-00786                                3